IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                              :

RUBEN RODRIGUEZ GONZALEZ          :      CASE NO. 03-08259(SEK)

    DEBTOR                                    :      CHAPTER 13
--------------------------------
MANUEL ROMAN AND JOAQUIN ROMAN:
a/k/a SUCESION FELIPA ROMAN,
                                             :      ADV. PROC. 05-00193
    PLAINTIFFS

                                             :
        V.
                                             :

RUBEN RODRIGUEZ GONZALEZ;
JOSE R. CARRION,CH.13 TRUSTEE,:
ANGEL LUIS RODRIGUEZ VAZQUEZ,
JOSE MANUEL RODRIGUEZ VAZQUEZ,:
ISABEL RODRIGUEZ VAZQUEZ,
SELENIA RODRIGUEZ VAZQUEZ,         :
JORGE D. RODRIGUEZ VAZQUEZ,
CARMEN E. RODRIGUEZ VAZQUEZ,      :
GILBERTO RODRIGUEZ VAZQUEZ,
ANA DELIA RODRIGUEZ VAZQUEZ,      :
FEDERICO RODRIGUEZ VAZQUEZ,
LUZ NEREIDA RODRIGUEZ VAZQUEZ,:
JULIA RODRIGUEZ VAZQUEZ,
RUBEN RODRIGUEZ GONZALEZ,          :
RAUL RODRIGUEZ GONZALEZ,
HILDA RODRIGUEZ GONZALEZ,          :
WANDA JEANETTE ROMAN SANCHEZ,
FELIPA ROMAN SANCHEZ AND           :
MANUEL ANGEL ROMAN SANCHEZ,

                                             :
    DEFENDANTS
                                             :
--------------------------------

FILED & ENTERED

1 6 OCT 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

We must decide whether to enforce our order to show cause by dismissing this adversary proceeding for plaintiffs' failure to prosecute the same. For reasons that follow, we enforce our order to show cause by dismissing this complaint for lack of prosecution.

Manuel Román and Joaquin Román, a/k/a Sucesión Felipa Román (hereinafter "plaintiffs") filed this proceeding on August 24, 2005, against debtor Ruben Rodríguez González and other co-defendants,[1] requesting judgment declaring they have a hereditary interest over certain real property that debtor intends to sell as part of his plan in bankruptcy.[2] They also requested injunctive relief to stop debtor from selling the property or in the alternative to lift the automatic stay in order to raise their claim in state court.

We held the first pre-trial hearing on October 4, 2005. Debtor's attorney was present. However, Mr. Vera Vélez, attorney for plaintiffs, and attorney Gil de la Madrid, who represents the co-defendants, were not present. We set a cut off date to file

---

[1] The co-defendants are Angel Luis Rodríguez Vázquez, Jose Manuel Rodríguez Vázquez, Isabel Rodríguez Vázquez, Selenia Rodríguez Vázquez, Jorge D. Rodríguez Vázquez, Carmen E. Rodríguez Vázquez, Gilberto Rodríguez Vázquez, Ana Delia Rodríguez Vázquez, Julia Rodríguez Vázquez, Ruben Rodríguez González, Raul Rodríguez González, Hilda Rodríguez González, Wanda Jeanette Román Sánchez, Felipa Román Sánchez, Manuel Angel Román Sánchez and the Chapter 13 Trustee.

[2] Debtor filed bankruptcy case number 03-08259 on August 4, 2003. According to his schedules, debtor had an interest in five real properties. The confirmed plan provided for 24 payments of $150 plus a lump sum payment of $85,000 stemming from the sale of two real properties within 24 months. On June 9, 2005, debtor requested leave to sell real properties listed #3 and #4 in Schedule A, which we granted. Afterwards, the Trustee filed a motion to dismiss because debtor failed to make the lump sum payment according to the terms of the confirmed plan. Debtor opposed arguing the sale could not be finalized because the allegations in this adversary proceeding oppose such sale. Debtor and Trustee agreed to hold the motion to dismiss in abeyance until the resolution of this adversary complaint.

2

preliminary motions and complete discovery.

In January, 2006, plaintiffs asked for issuance of new summons because the previous ones were not notified within the time required. The Clerk issued new summons.

We held a second hearing on June 6, 2006. Plaintiffs' attorney, Mr. Vera Vélez was present and informed the court that not all defendants had been served and he also needed to amend the complaint to add a defendant. We ordered plaintiffs to amend the complaint, serve all defendants and file a certificate of service in 30 days, or we would dismiss the complaint with prejudice.

On July 21, 2006, plaintiffs filed a motion requesting notice by publication which we granted. Then, the case was at a stand still for six months, when plaintiffs requested the issuance of a summons and notice by publication. The Clerk issued both documents on January 29, 2007.

We held a third hearing on June 6, 2007, and Mr. Vera Vélez again failed to appear. At that time, we also noted plaintiffs had failed to amend the complaint as ordered. In addition, no evidence of proper service appeared on record, and the time limit for service provided by the rules of procedure apparently elapsed. Therefore, we ordered plaintiffd to show cause why this complaint should not be dismissed with prejudice without further hearing for: (1) plaintiffs counsel's unexcused absence from two hearings, (2) failure to serve all defendants within the time frame provided by applicable rules of procedure, and (3) failure

3

to amend the complaint as ordered during the June 6, 2006 hearing.

Plaintiffs answered alleging all defendants were served either personally or by publication and attached evidence of summons published in the February 22, 2007 edition of "El Nuevo Día". However, the motion fails to address the fact that plaintiffs did not amend the complaint as ordered over a year ago and whether service was timely. Furthermore, plaintiffs' counsel claims his absence from the last hearing was due to a medical situation which he explained in a motion filed two days before the hearing. However, no such motion appears on record and no other documentation has been provided to explain his absence.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss any action for a plaintiff's failure to "prosecute or to comply with … any order of the Court …". This rule "is one manifestation of the ancient power of a trial judge 'to achieve the orderly and expeditious disposition of cases.'" Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962); Enlace Mercantil Int'l v. Senior Industries, 848 F.2d 315, 316-317 (1st Cir. 1988).

The First Circuit has authorized courts to dismiss actions when plaintiff's misconduct is extreme. Id at 317. When defining "extreme misconduct" for purpose of dismissal under Rule 41(b), the First Circuit has stated: " '[i]n all the cases in which we have upheld a dismissal for lack of prosecution, we have found either extremely protracted inaction (measured in years),

4

disobedience of Courts orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.' … Other aggravating circumstances include prejudice to the defendant, glaring weakness in the plaintiff's case and the wasteful expenditure of the district court's time. …"(citations omitted). Id.

The record shows almost two years have passed since this case was filed and plaintiffs have failed to amend and serve the complaint, even when we specifically ordered them to do so twice. Plaintiffs' answer to our second order to show cause fails to provide this court with any reasonable explanation for this delay. Furthermore, it fails to address two of the three inquiries raised by the Court, therefore it is deficient. We also find counsel's absence from two of the three hearings held is an aggravating circumstance in this case. Our orders informed plaintiffs of the consequences of non-compliance giving them ample opportunity to respond. However, they chose not to. Meanwhile, Debtor's reorganization case has been delayed for two years. This is the type of conduct that warrants dismissal with prejudice for lack of prosecution.

WHEREFORE, due to the protracted inaction and disobedience of the plaintiffs in serving summons and amending the complaint, we dismiss this adversary proceeding with prejudice. The Clerk shall schedule a status conference in debtor's bankruptcy case number 03-08259.

**SO ORDERED,** in San Juan, Puerto Rico, on October 16, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge