**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN THE MATTER OF                        :

RUBEN RODRIGUEZ GONZALEZ,              :        CASE NO. 03-08259(SEK)

    DEBTOR                              :        CHAPTER 13
-------------------------------
MANUEL ROMAN, et al.,                  :

    PLAINTIFFS                          :        ADV. NO. 05-00193

       v.                            :
RUBEN RODRIGUEZ GONZALEZ,
et al.,                                :
    DEFENDANTS                          :
-------------------------------

> **FILED & ENTERED**
>
> 0 5 FEB 2008
>
> CLERK
> U.S. BANKRUPTCY COURT
> SAN JUAN, PUERTO RICO

**OPINION AND ORDER**

Before the court is Plaintiffs' "Motion to Show Cause and Reconsideration" filed within ten days from entry of our judgment dismissing the complaint for lack of prosecution. For reasons that follow we deny the motion.

**Factual Background**

We narrate only those facts needed to understand the matter at hand, incorporating those mentioned in the attached opinion of October 16, 2007.



We dismissed this complaint for lack of prosecution based on Plaintiff's continuous disregard of our orders and unexcused absence from several hearings. We note, the complaint fails to invoke this court's jurisdiction, and does not state whether this is a core or non core matter. We also note some defendants were

summoned after the one hundred and twenty day time limit set by FRBP 7004(m) had transpired.  Jurisdiction was questioned and Plaintiffs did not respond, even though we ordered them to amend the complaint some while back.  Allegations concerning Plaintiffs' competing claim to title over the realty to be sold in furtherance of the plan are not clear.  The complaint alleges that this issue was litigated in the Insular Courts, in two different suits, to no avail. Opportunities to amend the complaint were given, consequences of non compliance were clearly spelled out and ignored by Plaintiffs.  Hence, dismissal ensued.

Now, Plaintiffs would have us set aside this dismissal based on allegations that invoke no rule of procedure and are not briefed.  We set the matter for oral argument.  During this hearing, Plaintiffs stated their motion was filed under FRCP 60(b)(6), incorporated in bankruptcy by FRBP 9024.  Aside from this development, Plaintiffs rested on the contents of their motion.

### Discussion

The U.S. Court of Appeals has summarized the treatment of Rule 60(b)(6) as follows.



> Rule 60(b)(6) affords district courts the equitable power to relieve a party from the force of a final order or judgment under certain conditions necessary to serve the ends of justice.
>
> . . .
>
> Rule 606(b)(6) provides federal district courts with a

residual reservoir of equitable power to grant discretionary relief from a final judgment for "any other reason justifying relief". [cit. omitted]. This residual catchall provision allows a court to relieve a party from a final judgment where such relief is appropriate to accomplish justice, but reasons for the relief are not encompassed by the other provisions of the rule.

...

District courts should grant Rule 60 (b)(6) motions "only where exceptional circumstances justifying extraordinary relief exist." [cit. omitted]. District courts have "broad discretion" to determine whether such circumstances exist. [cit. omitted] The bar for such relief is set high because as the Supreme Court noted in *Ackermann v. United States* [cit. omitted], "[t]here must be an end to litigation someday ...," and therefore district courts must weigh the reasons advanced for reopening the judgment against the desire to achieve finality in litigation. [cit. omitted]. Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F. 3d 1, 5-6 (1st Cir. 2001).

The reasons for the relief advanced by Plaintiffs here are not compelling. In fact, these are mostly a repetition of their answer to our order to show cause entered before we dismissed the complaint. Two key questions, subject matter and personal jurisdiction over some of the defendants, raised by the court and the parties, remain unanswered. Hence, setting aside the dismissal under these circumstances would not serve justice, it would only prolong litigation in an unruly and costly manner, delaying the pending distribution under the confirmed plan.

Therefore, we deny the motion. We Order Debtor to close the approve sale of the realty, and provide the Trustee with the lump sum payment from the proceeds to complete the confirmed plan,



3

within thirty days.

       **SO ORDERED**, in San Juan, Puerto Rico, February 4, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge